GIFFEN, J.
The plaintiff claimed damages for the negligence of the city in permitting a culvert in Browne street to become and remain obstructed whereby the water, which otherwise would have flown through it, diverted onto and over plaintiff’s premises, causing the foundations of her houses to slip and settle, greatly to her damage.
The answer of defendant sets up a former recovery in the sum of $525 on the 16th day of March, 1891, for the same cause of action, and charges contributory negligence in building and restoring her premises, with full knowledge that the ground was slipping and sliding since the former suit, thereby increasing the damage which would accrue to her by reason of said landslide. The jury returned'a verdict in favor of the defendant, and judgment having been rendered thereon, the plaintiff prosecutes error.
It is contended that the court erred in orally modifying the second special charge in writing requested by the plaintiff. It does not clearly appear that this instruction was presented to the court in writing, as contemplated by section 5190, Be-vised Statutes, but assuming that it was, it further appears that the comment by the court in the midst of the charge only emphasized the charge itself, as requested by the plaintiff, and hence could not have been prejudicial.
The purport of the charge was that if the city, by the exercise of reasonable care, oould have remedied the defects in the street, its failure to do so made it liable; and the court added -the following: ‘‘So you see it all comes back to the question of reasonable oare. ” The plaintiff could not ask any higher degree of oare from the defendant, and if the oral explanation *658 by the court was not prejudicial it can not avail as a ground of reversal. Scovern v. State, 6 Ohio St., 288; McHugh v. State, 42 Ohio St., 154.
Johnson & Levy and John S. Conner, for Plaintiff in Error.
Corporation Counsel, contra.
It is further contended that the court erred in giving, at the request of the defendant, the following special charge, towit:
“In making repairs, after the rendition of the judgment in the former oase, it was the duty of the plaintiff to execise reasonable care and forethought to avoid a recurrence of the injury. If you find that the subsequent injury to the plaintiff’s property was the result of negligence, partly of the city and partly of the plaintiff, your verdict must be for the defendant, however slightly such negligence of the plaintiff may have contributed to said injury.”
In the recent case of Schweinfurth, administrator, v. Railway Co., 60 Ohio St., 215, it is held that: “In an action for negligence it is not error to refuse an instruction that the defendant can not be held liable, though guilty of the negligence charged, if the negligence of the person injured contributed in any degree, or in any way, to the injury of which he complains. Unless the negligence of the person injured contributed directly to, or as a proximate cause of the injury, it does not preclude a recovery.”
Counsel for defendant seek to distinguish that case from the one before us in the fact that the court refused to give the charge in the former and did give it in the latter. It is manifest, however, that the refusal to give the charge is justified, not on the ground that the same is harmless, but because iu incorrectly states the law of contributory negligence. The court approvingly cite a note from Thompson on Negligence, to-wit: “The House cf Lords has lately held it error to charge a jury in this or similar language without qualification.”
.The facts in this case will illustrate the rule that unless the negligence contributed directly to the injury, it does not preclude a recovery, because the negligence of the plaintiff in not providing stronger walls and digging trenches around the same may have increased the damage occasioned by the overflow from the street, and yet be not a concurring cause, without which no damage would follow. While it is true that plaintiff was bound to exercise ordinary care in repairing and strengthening the walls after the former suit, she was not required to anticipate and provide against the negligence of the city.
If the failure of the plaintiff to provide against the ordinary and natural conditions surrounding her premises was the sole-cause of the damage, then there was no negligence of the city, nor could there be any question of contributory negligence. This is substantially the third defense of the answer, and if sustained by the evidence,the plaintiff would fail, not because of her contributory negligence, but rather beoause of a want of negligence of the city.
We therefore hold that the court erred in giving this special charge, which was repeated substantially in the general charge.
Judgment reversed and cause remanded.